COOPER v GARDEN CITY OSTEOPATHIC HOSPITAL

Docket No. 78-382. Submitted February 5, 1980, at Detroit.—Decided July 1, 1980.

Dorothy Cooper and Jimmie Cooper brought a medical malpractice action against Dr. George Daraban, Dr. Vortriede and Dr. Brady, alleging negligence in the treatment of Dorothy Cooper. Garden City Osteopathic Hospital was joined as a party defendant. Subsequently, plaintiffs reached an out-of-court settlement with Dr. Brady. The Wayne Circuit Court, Richard D. Dunn, J., following a jury verdict, entered judgments of no cause of action against the remaining parties. Plaintiffs' post-trial motions for a new trial and to take further depositions were denied. Plaintiffs appeal, alleging the trial court abused its discretion in denying their motion to further depose certain witnesses. An earlier order of the Court of Appeals granted the motion of Drs. Daraban and Vortriede to affirm the trial court verdict, leaving only defendant Garden City Osteopathic Hospital to be affected by this appeal. *Held:*

The trial court's denial of plaintiffs' motion to depose the three nurses who cared for Dorothy Cooper after her surgery was an abuse of discretion, as it precluded plaintiffs from showing that defendant hospital engaged in misconduct and resulted in a suppression of material evidence.

Reversed and remanded with instructions.

1. MOTIONS AND ORDERS — NEW TRIAL — BURDEN OF PURSUASION — ERROR — COURTS.

The burden of persuasion in moving for a new trial is on the moving party to convince the trial court that during trial an error of sufficient magnitude was committed to cause the court, in its discretion, to grant a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 58 Am Jur 2d, New Trial § 200.
[2] 4 Am Jur 2d, Appeal and Error § 398.
   58 Am Jur 2d, New Trial §§ 212, 213.
[3] 4 Am Jur 2d, Appeal and Error § 79.
   5 Am Jur 2d, Appeal and Error § 881.

2. APPEAL — DENIAL OF MOTION — NEW TRIAL — ABUSE OF DISCRE-
   TION — COURTS.

   A party appealing a denial of a motion for a new trial, claiming
   an abuse of discretion, must bring before the reviewing court a
   sufficient record from the lower court which might indicate the
   claim has validity.

3. COURTS — DENIAL OF MOTIONS — SUPPRESSION OF EVIDENCE —
   ABUSE OF DISCRETION.

   It was an abuse of discretion for a trial court to deny a motion for
   a post-trial deposition of witnesses which worked to preclude
   the moving party from showing that its adversary engaged in
   misconduct and resulted in suppression of material evidence.

4. APPEAL — MOTIONS — POST-TRIAL EVIDENTIARY HEARINGS —
   COURTS.

   The Court of Appeals may, prior to granting a motion for a new
   trial, remand a case for a post-trial evidentiary hearing and
   condition any review by the trial court of a resubmitted motion
   for a new trial on the establishment by the moving party of
   such proofs and support for his contentions as would pursuade
   the trial court, in the exercise of its discretion and in order to
   prevent a failure or delay of justice, that such motion merits
   review.

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Michael Gagleard*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Jeannette A. Paskin*), for defendants Daraban and Vortriede.

*Dice, Sweeney, Sullivan & Feikens, P.C.,* for defendant Garden City Osteopathic Hospital.

Before: N. J. KAUFMAN, P.J., and D. E. HOL-BROOK, JR., and D. C. RILEY, JJ.

N. J. KAUFMAN, P.J. Plaintiffs instituted a medical malpractice action against the anesthesiologist and surgeons who treated plaintiff Dorothy Cooper at Garden City Osteopathic Hospital. The hospital

was joined as a party defendant. Subsequently, plaintiffs reached an out-of-court settlement with the anesthesiologist, and a Wayne County Circuit Court jury returned a verdict of no cause of action on plaintiffs' complaint against the remaining parties. The trial court denied plaintiffs' post-trial motion for a new trial as well as their motion to take the depositions of three nurses who cared for Mrs. Cooper after her surgery. From these determinations, plaintiffs appeal as of right under GCR 1963, 806.1. In an earlier order, this Court granted a motion to affirm in behalf of Drs. Daraban and Vortriede. Thus, this appeal only affects the liability of defendant Garden City Osteopathic Hospital.

Dorothy Cooper entered Garden City Osteopathic Hospital for bladder surgery and a hysterectomy. She suffered a heart attack during the operation, and plaintiffs offered evidence to show that in the post-operative stage, she either suffered a second heart attack or was under-oxygenized. In any event, Dorothy Cooper never recovered from the operation and is permanently comatose. Plaintiffs' complaint alleged that, due to the negligence of the anesthesiologist, surgeons, nurses, and the hospital, the heart attack Dorothy Cooper suffered during surgery went unnoticed for a period of time long enough to cause her permanent brain damage. Further, the pretrial summary included plaintiffs' contention that a second heart attack, caused by the first heart attack, occurred after surgery.

At trial, plaintiffs' attorney became aware that part of the hospital chart was missing from his copy of the records. Although the copies received by the defendants were complete, plaintiffs apparently received a copy which did not include the results of post-operative blood gas tests. These test results indicated a low level of oxygen in Dorothy

Cooper's blood after the operation. Once apprised of this information, plaintiffs' attorney introduced the blood gas test results as plaintiffs' exhibit #1. Plaintiffs' expert witness opined that this test data indicated Mrs. Cooper was given inadequate oxygen during post-operative care and that this could have caused her brain damage. Plaintiffs' attorney then issued subpoenas for three nurses who cared for Dorothy Cooper after her surgery. These subpoenas were not served, however, because the three nurses were on vacation.

After the jury verdict against them, plaintiffs filed a motion for a new trial under GCR 1963, 527.1(2), alleging, as the basis for this motion, that the defendant hospital was guilty of misconduct for sending the three nurses out of town during the trial. The court ordered that the nurses' depositions be taken to facilitate review of plaintiffs' motion. The defendant hospital produced the nurses at a deposition. However, when plaintiffs' attorney began the deposition by questioning the nurses about post-operative care, defendant's attorney instructed them not to answer. Plaintiffs' attorney thereupon terminated the deposition. The trial court denied plaintiffs' subsequent motion to further depose the three nurses, finding plaintiffs' actions amounted to improper post-trial discovery upon speculative matters. The court also denied plaintiffs' new trial motion thereby giving rise to this appeal.

In making their motion, plaintiffs had the burden to persuade the trial court that, during the trial, an error of sufficient magnitude was committed to cause the trial court, in its discretion, to grant a new trial. Thereafter, on appeal from a denial of their motion, plaintiffs must bring before the reviewing court a sufficient record from the

lower court which might indicate that the claim of an abuse of discretion has validity. *Lemanski v Ford Motor Co,* 82 Mich App 244, 248; 266 NW2d 775 (1978).

Plaintiffs contend the trial court abused its discretion in denying their motion for further deposition of the three nurses. This abuse of discretion precluded plaintiffs from showing that the defendant hospital engaged in misconduct and resulted in a suppression of material evidence from the jury's consideration.

Plaintiffs' new trial motion was clearly premised upon GCR 1963, 527.1(2) which states:

"A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes:

\*   \*   \*

"(2) Misconduct of the jury or prevailing party."

Defendant's misconduct, if any, did not appear from the record. The trial court correctly ordered depositions to supplement the record in this regard and give it a better basis for review of the misconduct allegation plaintiffs raised in their new trial motion. See GCR 1963, 527.3. However, these depositions were terminated before plaintiffs' counsel could inquire as to any misconduct on the part of the defendant. Moreover, the trial court precluded further deposition and thereby deprived plaintiffs of their only opportunity to affirmatively establish the existence of misconduct.

In light of the peculiar facts and circumstances of this case, we find the trial court's action did constitute an abuse of discretion. Plaintiff Dorothy Cooper is permanently comatose as a result of an operation performed at the defendant hospital.

There was evidence presented which suggested that Mrs. Cooper's state might have been caused by under-oxygenation during her post-operative care. The plaintiffs were sent a copy of the hospital records in preparation for trial but this copy did not include a page containing the results of post-operative blood gas tests. Yet, this page was part of the records held by the defendant. Moreover, three of Mrs. Cooper's post-operative nurses were on vacation and unable to testify during the trial. Their testimony might have been quite material to the development of plaintiffs' cause of action.

If the defendant did engage in misconduct in sending these nurses on vacation during the trial, this action would be tantamount to an obstruction of justice. We refuse to sanction such activity. However, since the depositions were terminated prior to resolution of this question, we are not prepared to require a new trial at this point. Instead, we order this cause remanded for an evidentiary hearing.[1] The hearing shall be narrow in scope. The trial court shall examine the nurses to determine if they were indeed ordered on vacation during the trial.

If they were not, plaintiffs' new trial motion based on defendant's misconduct should be denied. However, at this juncture, the trial court shall allow plaintiffs to depose these witnesses as to

[1] We find precedent for this approach in *Merritt v Nickelson,* 80 Mich App 663, 668-669; 264 NW2d 89 (1978), affirmed at 407 Mich 544 (1980). That case was remanded for an evidentiary hearing as well. This disposition represents an effective means of conditioning the new trial motion upon the results of the evidentiary hearing. Two purposes are served thereby. First and foremost, justice is served. Appellants are given an opportunity to present proofs and establish support for their contentions before the trial court. Secondly, trial courts are not overburdened by what may amount to specious contentions. Trial courts can see to such by acting as effective buffers and weeding out frivolous claims at this evidentiary hearing stage.

their post-operative care efforts in order to determine the materiality of their testimony. This order may be predicated upon GCR 1963, 303.1(3) to prevent a failure or a delay of justice. Plaintiffs can then resubmit their motion for a new trial to the trial court basing it on newly discovered evidence under 527.1(6). At this point, the trial court shall review plaintiffs' motion and exercise its discretion thereupon.

If the trial court should find, at the initial evidentiary hearing, that the nurses *were* sent out of town by the defendant, or its agents, then a new trial should be granted to plaintiffs immediately, based upon plaintiffs' original misconduct motion under GCR 1963, 527.1(2). Again, we must emphasize that the peculiar facts and circumstances of this case call for this result. It is unclear whether the original trial court order requiring deposition of the three nurses limited the subject matter of these depositions solely to the issue of defendant's misconduct, or whether the order was sufficiently broad enough to enable plaintiffs to depose the witnesses with respect to their post-operative care efforts. In any event, we find it necessary to allow the witnesses to be deposed as to these post-operative care efforts in order to allow plaintiffs to prepare their delayed motion for a new trial based on newly discovered evidence. In the interests of justice, then, plaintiffs should be given the opportunity to develop this newly discovered evidence contention since the original trial court order was ambiguous on this point.

Reversed and remanded for proceedings in conformity with this opinion.