COOPER v GARDEN CITY OSTEOPATHIC HOSPITAL (ON
REMAND)

Docket No. 55114. Submitted April 6, 1982, at Detroit.—Decided
September 7, 1982. Leave to appeal applied for.

Dorothy Cooper and Jimmie Cooper brought a medical malprac-
tice action against Dr. George Daraban, Dr. Vortriede and Dr.
Brady, alleging negligence in the treatment of Dorothy Cooper.
Garden City Osteopathic Hospital was joined as a party defen-
dant. Subsequently, plaintiffs reached an out-of-court settle-
ment with Dr. Brady. The Wayne Circuit Court, Richard D.
Dunn, J., following a jury verdict, entered judgments of no
cause of action against the remaining parties. Plaintiffs' post-
trial motions for a new trial and to take further depositions
were denied. Plaintiffs appealed, alleging that the trial court
abused its discretion in denying their motion to further depose
certain witnesses. An earlier order of the Court of Appeals
granted the motion of Drs. Daraban and Vortriede to affirm the
trial court's verdict as to them. Plaintiffs appealed to the
Supreme Court the granting of the defendant doctors' motion to
affirm. The Supreme Court vacated the Court of Appeals order
granting the motion to affirm and remanded that portion of the
case to the Court of Appeals for plenary consideration, 410
Mich 863 (1980). In the meantime, the Court of Appeals had
ruled in the portion of the case involving Garden City Osteo-
pathic Hospital that the trial court had abused its discretion in
denying plaintiffs' motion to depose the three nurses. That
portion of the case was remanded to the trial court with
instructions, 98 Mich App 362 (1980). Now, on remand from the
Supreme Court for plenary consideration of the granting of the
defendant doctors' motion to affirm, *held:*

The testimony of the three missing witnesses would have
pertained to Mrs. Cooper's postsurgical treatment only. Plain-
tiffs did not allege in their complaint that defendants were
guilty of malpractice for their postoperative treatment of Mrs.
Cooper or that defendants Daraban and Vortriede were respon-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 101.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

sible for the postsurgical treatment rendered by others. Because the jury determined that defendants were not guilty of misconduct for their acts during the surgical procedure and because plaintiffs' rights with respect to defendants were not materially affected by the alleged misconduct of the hospital, the Court of Appeals opinion finding that the trial court had abused its discretion in denying plaintiffs' motion to depose the three nurses applies only as to the plaintiffs' claim against the hospital and is not applicable to the instant appeal.

Affirmed.

1. New Trial — Misconduct of Prevailing Party — Court Rules.

A new trial may be granted to all or any of the parties whenever their substantial rights are materially affected as the result of, *inter alia,* misconduct of the prevailing party (GCR 1963, 527.1[2]).

2. Appeal — Theory of Case — Preserving Question.

The Court of Appeals will not review a case on a theory different from that on which it was tried.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *J. P. O'Leary, Robert P. Siemion* and *Raymond W. Morganti),* for defendants.

## On Remand

Before: Allen, P.J., and D. C. Riley and R. R. Ferguson,* JJ.

R. R. Ferguson, J. Plaintiffs instituted a medical malpractice action against defendants, Drs. Daraban and Vortriede, the surgeons who operated on plaintiff Dorothy Cooper while she was in Garden City Osteopathic Hospital, and against the anesthesiologist and the hospital. Plaintiffs and the anesthesiologist reached an out-of-court settlement and he was dismissed from the action prior to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial. Following trial, the jury returned a verdict of no cause of action in favor of the defendant surgeons and the hospital.

Plaintiffs filed a motion for new trial under GCR 1963, 527.1(2), alleging that the hospital was guilty of misconduct for sending three nurses out of town during the trial. Plaintiffs contended that the testimony of those nurses was material to their claim of improper postoperative care. The trial court ultimately denied the motion and plaintiffs appealed.

This Court considered separately the claims as to the hospital and the surgeons. As to the hospital, we remanded the case for an evidentiary hearing to determine whether the hospital was guilty of misconduct. If the lower court found that the nurses were ordered on vacation, plaintiffs' motion based on the hospital's misconduct was to be granted. In addition, plaintiffs were allowed to depose the nurses as to their postoperative care. Plaintiffs could then prepare a delayed motion for new trial based on newly discovered evidence. *Cooper v Garden City Osteopathic Hospital,* 98 Mich App 362; 296 NW2d 259 (1980), *lv den* 411 Mich 962 (1981) (hereinafter referred to as *Cooper).*

As to the surgeons, this Court granted their motion to affirm determining that the questions raised did not affect their liability. On December 5, 1980, however, the Supreme Court reversed this Court's order granting their motion and remanded the case for plenary consideration. *Cooper v Garden City Osteopathic Hospital,* 410 Mich 863 (1980). A further discussion of the facts may be found in this Court's opinion in *Cooper, supra.* We

note that plaintiff Dorothy Cooper expired during the pendency of this appeal.

A new trial may be granted to all or any of the parties whenever their substantial rights are materially affected as the result of, *inter alia,* misconduct of the prevailing party. GCR 1963, 527.1(2); *Cooper, supra,* 366. Plaintiffs contend that the defendant surgeons remained liable for Mrs. Cooper's care during the postoperative period. Thus, they conclude that any misconduct on the hospital's part in sending the nurses on vacation could affect the surgeons' liability. Upon a review of the record, we are not persuaded that, as to the surgeons, the hospital's alleged misconduct materially affected plaintiffs' substantial rights.

Plaintiffs did not allege in their complaint that the surgeons were guilty of malpractice for their postoperative treatment of Mrs. Cooper. Their allegations against defendants Daraban and Vortriede concerned acts which occurred during the course of the surgical procedure itself. They also did not allege that the defendant surgeons were responsible for the postsurgical treatment rendered by others.

During its instructions to the jury, the trial court read the theories of the parties. In their theory, plaintiffs again contended that the surgeons were liable for malpractice for acts committed during the surgical procedure itself. In particular, plaintiffs alleged that defendant Daraban, the assistant surgeon, acted negligently in that he left the operating room during the course of the surgery and that defendant Vortriede, the surgeon, acted negligently in that he continued the operation despite indications that Mrs. Cooper was suf-

fering from insufficient oxygenation. The only claim of malpractice concerning Mrs. Cooper's postoperative care was directed against the hospital. In particular, plaintiffs claimed that a doctor assigned by the hospital to insure that sufficient oxygen was forced into Mrs. Cooper's system to prevent further brain damage failed to do so. This doctor was not named as a defendant in the case and plaintiffs proceeded against the hospital on the basis that the doctor was its apparent agent. Plaintiffs did not contend that the doctor was acting on behalf of Daraban and Vortriede.

Although plaintiffs argue on appeal that the surgeons remained legally responsible for Mrs. Cooper's postoperative care, they failed to allege the same as a theory of recovery, and the jury was not instructed to consider it as a basis of the surgeons' liability. They may not now argue that theory before this Court. *Ford v Howard,* 59 Mich App 548, 551; 229 NW2d 841 (1975).

The jury determined that the defendant surgeons were not guilty of misconduct for their acts during the surgical procedure. The testimony of the three missing witnesses would have pertained to Mrs. Cooper's postsurgical treatment only. Thus, plaintiffs' rights with respect to the surgeons were not materially affected by the alleged misconduct of the hospital. This Court's opinion in *Cooper, supra,* is not applicable to the instant appeal.

Affirmed.