CAVANAUGH v CARDAMONE

Docket No. 76592. Submitted February 12, 1985, at Detroit.—Decided
    October 25, 1985

    Lawrence Cavanaugh, administrator of the estate of John Cava-
    naugh, deceased, brought an action for wrongful death against
    Richard A. Cardamone, Emil Cardamone and James Chynow-
    eth in the Macomb Circuit Court. During presentation of pre-
    liminary motions, plaintiff moved to bar all nonparty witnesses.
    This motion was granted since none of the parties had submit-
    ted witness lists in accord with the court's pretrial order.
    Plaintiff also requested an order directing that defendants be
    present. The court denied this request, noting that the motion
    could have been made earlier and that subpoenas could have
    been used to insure their presence. Plaintiff's attempts to serve
    defendants with subpoenas before trial, which commenced Jan-
    uary 19, 1984, were unsuccessful. Plaintiff's counsel asked the
    court to reconsider the motion to compel attendance. The court
    denied this motion, noting that plaintiff had notice of the
    necessity of defendants' presence at least as early as the
    pretrial conference held on January 11, 1984. Plaintiff then
    moved for a continuance until January 24, because his process
    server had been informed that defendant Chynoweth would be
    out of town until January 23, 1984. The matter was put over to
    January 24. Plaintiff's repeated attempts at service were unsuc-
    cessful and again plaintiff made a motion to compel attendance.
    The trial judge declined review of this prior decision and
    refused to permit plaintiff to call defendants' attorneys for
    questioning on whether there was a deliberate attempt to
    absent defendants. After plaintiff presented his proofs, the trial

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 108 et seq.
Am Jur 2d, Evidence §§ 175 et seq.
Am Jur 2d, Witnesses §§ 5 et seq.
Permissible scope, respecting nature of inquiry, of demand for
    admissions under mondern state civil rules of procedure. 42
    ALR4th 489.
See also the annotations in the ALR3d/4th Quick Index under Depo-
    sitions; Witnesses.

court, Raymond R. Cashen, J., directed a verdict for the defendants. Plaintiff appealed. *Held:*

1. The trial court did not abuse its discretion in refusing to compel the attendance of defendants. A party to a suit must secure the attendance of his witnesses, whether those witnesses are opposite parties or not. If testimony of a party is desired, attendance may be secured by subpoena or a deposition may be taken.

2. A remand to determine whether defendants avoided service on the instruction of counsel is not necessary.

3. Plaintiff was not denied due process.

4. The rule that failure to provide evidence within a party's control raises a presumption that if produced it would operate against the party does not apply to the failure to produce a party-witness, who is equally available or accessible to both parties by process of the court. Defendants were entitled to a directed verdict.

Affirmed.

1. WITNESSES — PARTIES — SUBPOENA.

A party to a suit must secure the attendance of his witnesses, whether those witnesses are opposite parties or not; if testimony of a party is desired, attendance may be secured by subpoena or a deposition may be taken.

2. EVIDENCE — PRESUMPTIONS — FAILURE TO PRODUCE — WITNESSES.

The rule that failure to provide evidence within a party's control raises a presumption that if produced it would operate against the party does not apply to the failure to produce a party-witness, who is equally available or accessible to both parties by process of the court.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Steve S. Michaels,* for defendants Cardamone.

*Glime, Daoust, Wilds, Rusing & LeDuc* (by *Lawrence J. Schloss* and *James F. MacArthur*), for defendant Chynoweth.

Before: J. H. GILLIS, P.J., and HOOD and R. M. DANIELS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of directed verdict in favor of defendants entered February 2, 1984.

Plaintiff's complaint was filed March 6, 1979. The complaint alleged that plaintiff's decedent was killed, while riding his bicycle, due to the negligence of defendants in operating their respective automobiles. Plaintiff's appeal centers around defendants' failure to be in attendance at trial. During presentation of preliminary motions, on January 18, 1984, plaintiff moved to bar all nonparty witnesses; this motion was granted since none of the parties had submitted witness lists in accord with the court's pretrial order. Plaintiff also requested an order directing that defendants be present during jury selection. The court denied this request, noting that the motion could have been made earlier and that subpoenas could have been used to ensure their presence.

Plaintiff's attempts to serve defendants with subpoenas before trial, which commenced January 19, were unsuccessful. Plaintiff's counsel asked the court to reconsider the motion to compel attendance pursuant to GCR 1963, 506, because "our case * * * is going to come from the testimony of the defendants in this case". The court denied this motion, noting that plaintiff had notice of the necessity of defendants' presence at least as early as the pretrial conference held on January 11, 1984. The court stated that it would not "substitute itself for a subpoena".

Plaintiff then moved for a continuance until January 24, because his process server had been informed that defendant Chynoweth would be out

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of town until January 23, 1984. The matter was put over to January 24. Plaintiff's repeated attempts at service were unsuccessful and again plaintiff made a motion to compel attendance. The trial judge declined review of his prior decision and refused to permit plaintiff to call defendants' attorneys for questioning on whether there was a deliberate attempt to absent defendants. After plaintiff presented his proofs, the trial court directed a verdict for the defendants.

On appeal, plaintiff first claims that the trial court erred in refusing to compel defendants' attendance. We disagree. There is no rule requiring a party to a suit to attend court during trial. If testimony of a party is desired, attendance may be secured by subpoena or a deposition may be taken. A party to a suit must secure the attendance of his witnesses, whether those witnesses are opposite parties or not. *Bauer v Bauer,* 177 Mich 169, 172; 142 NW 1074 (1913). See also 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 385. A trial court *may* order any party or witness to attend and testify orally in open court. MCR 2.506(A), formerly GCR 1963, 506.1. We find no abuse of discretion in the trial court's failure to compel attendance. This case was on the docket for close to five years. Plaintiff was notified in November, 1983, that trial would commence on January 11, 1984, and trial was rescheduled for January 18, 1984. Plaintiff had substantial time to subpoena defendants. Plaintiff's request for an order to compel attendance did not come until the day of trial. *Cf. Roselott v County of Muskegon,* 123 Mich App 361; 333 NW2d 282 (1983). Our holding is buttressed by the fact that, after one continuance, plaintiff's subsequent unsuccessful attempt to subpoena defendants, and defendants'

failure to appear voluntarily on January 24, plaintiff failed to move for a second continuance.

We reject plaintiff's assertion that we must remand to determine whether defendants avoided service on the instruction of their counsel. *Cooper v Garden City Osteopathic Hospital,* 98 Mich App 362; 296 NW2d 259 (1980), *remanded on other grounds* 410 Mich 863 (1980), *lv den* 411 Mich 962 (1981), cited by plaintiff is distinguishable. In *Cooper,* the plaintiff followed all proper pretrial procedures; problems arose the day of trial because defendants had apparently omitted a probative piece of evidence from properly discovered medical records.

We also reject plaintiff's claim that the trial court's denial of his motion denied him due process by effectively denying him the opportunity of a trial. The law did not bar the testimony of defendants; it was plaintiff's failure to ensure their presence which denied plaintiff their testimony.

Finally, plaintiff's claim that defendants were not entitled to a directed verdict is without merit. Plaintiff argues that defendant's failure to testify raised a presumption of negligence because failure to produce evidence within a party's control raises a presumption that if produced it would operate against him. That presumption does not operate, however, in the case of a witness, who is equally available or accessible to both parties by process of the court. See generally *Barringer v Arnold,* 358 Mich 594; 101 NW2d 365 (1960); *Gibbons v Delta Contracting Co,* 301 Mich 638; 4 NW2d 39 (1942).

Affirmed.