# STATE OF MICHIGAN

# COURT OF APPEALS

LEON JOHNSON,

        Plaintiff-Appellant,

and

AMERICAN ANESTHESIA ASSOCIATES,
LLC,

        Intervening Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee,

and

OSCAR WILSON, ARROW LOGISTICS, LLC,
and DAVID GRIGGS,

        Defendants.

UNPUBLISHED
April 12, 2018

No. 331725
Wayne Circuit Court
LC No. 13-002627-NI

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

      Plaintiff filed the current lawsuit seeking payment of no-fault insurance benefits. The trial court dismissed plaintiff's case with prejudice on the first day of trial based on the conclusion that plaintiff failed to appear. Plaintiff filed a delayed application for leave to appeal in this Court, which we denied.[1] Plaintiff then sought leave to appeal in the Michigan Supreme Court, and the Supreme Court remanded the case to this Court for consideration as on leave

---

[1] *Johnson v Farmers Insurance Exchange,* unpublished order of the Court of Appeals, entered June 22, 2016 (Docket No. 331725).

-1-

granted.[2] On remand, because the trial court abused its discretion by dismissing plaintiff's case, we reverse and remand to the trial court for further proceedings.

This case arises out of a car accident in October 2012. Plaintiff was a passenger in one of the vehicles, and he alleges that he was injured in this car accident. As a result, plaintiff filed the current lawsuit seeking payment of no-fault benefits from defendant Farmers Insurance Exchange.[3] A trial was scheduled for June 23, 2015.

On the date set for trial, plaintiff and his attorney appeared in court, ready to proceed with plaintiff's case. However, when plaintiff arrived, he was arrested and taken away by deputies of the Wayne County Sheriff's Department. Following plaintiff's arrest, over objections from plaintiff's attorney, the trial court concluded that the case should be dismissed because plaintiff failed to appear for trial. Plaintiff's attorney argued that dismissal was a "harsh sanction" that was not appropriate in this case. Plaintiff's attorney also specifically moved for an adjournment until a writ could be issued for plaintiff's appearance or until plaintiff could be released on bond. Nevertheless, the trial court dismissed the case with prejudice based on the conclusion that plaintiff failed to appear. In explaining its decision, the trial court stated:

> With regard to the issues in terms of [plaintiff's] arrest, there were outstanding warrants that were longstanding. These warrants did not take place regarding offenses yesterday. This matter's [sic] been pending for two years. He had ample time to get his affairs in order to prepare for trial so that he would be available. He could have very easily gone to those jurisdictions, paid whatever he had to pay, getting those warrants set aside so that he would be ready, willing and able to proceed to trial as scheduled. He failed to do so. And he is unavailable, but his unavailability is [a] direct result of his own action and his own making. As a result then this matter is dismissed because he has failed to appear and that dismissal will be with prejudice.

Plaintiff later filed a motion for reconsideration, asserting that the trial should have continued in plaintiff's absence because there is no rule requiring a party's attendance at trial. The trial court denied plaintiff's motion for reconsideration.

On appeal, plaintiff argues that the trial court abused its discretion by dismissing his case with prejudice. Specifically, plaintiff contends that dismissal is a harsh sanction that was not justified in this case given that a party need not be present during trial and his attorney was available to proceed in plaintiff's absence. Plaintiff also argues that the trial court abused its

---

[2] *Johnson v Farmers Insurance Exchange*, 500 Mich 958 (2017).

[3] Plaintiff's lawsuit also involved claims of negligence against defendants Oscar Wilson and David Griggs, who were driving the vehicles involved in the accident, and claims of negligence based on a vicarious liability theory against defendant Arrow Logistics, LLC, the company that employed Wilson and owned the vehicle driven by Wilson. The other defendants were dismissed from the case by stipulation of the parties and they are not involved with this appeal.

discretion by failing to consider lesser sanctions and for failing to consider the factors set forth in *Vicencio v Ramirez*, 211 Mich App 501; 536 NW2d 280 (1995). According to plaintiff, these factors weigh against dismissal of his case and it was manifestly unjust to deny plaintiff an opportunity to litigate his claims. We agree.

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 316 Mich App 265, 269; 891 NW2d 233 (2016). A trial court "necessarily abuses its discretion when it misapplies the law." *Id*.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio*, 211 Mich App at 506. However, "[d]ismissal is a drastic step that should be taken cautiously." *Id*. "Before imposing dismissal as a sanction, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper." *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998).

> This Court has summarized some of the factors that a court should consider before imposing the sanction of dismissal: (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive. [*Vicencio*, 211 Mich App at 507 (internal citation omitted).]

It is an abuse of discretion to dismiss a case without evaluating other available options on the record. *Id*. at 506-507.

In this case, the trial court abused its discretion by dismissing plaintiff's case with prejudice based on his unavailability on the first day of trial, which arose from plaintiff's arrest in the courtroom when he appeared to litigate his case. First, the trial court dismissed the case without considering other possible options or evaluating the factors set forth in *Vicencio*. By dismissing the case without first considering other options on the record, the trial court abused its discretion. *Id*.

Second, it is readily apparent that these factors do not support the trial court's decision to dismiss the case. To begin with, plaintiff's absence from trial cannot be characterized as willful. To the contrary, it is undisputed that he actually appeared and was ready to proceed with the trial; but, he was arrested and involuntarily taken out of the courtroom. Such facts do not show a willful failure to appear. See *id*. In addition, there is no indication that plaintiff had a history of delay, and there is no indication that defendant was prejudiced by plaintiff's unavailability. *Id*. Moreover, there were other potential options available, such as allowing plaintiff's attorney to

proceed with the case in plaintiff's absence.[4]  Alternatively, if the trial court concluded that plaintiff's presence was required for the case to proceed, the case could have been adjourned until plaintiff could arrange for release on bond, or until a writ could be issued for plaintiff to appear to testify in court, MCR 3.304(A), or until other arrangements could be made for the presentation of plaintiff's testimony, see *Hall v Hall*, 128 Mich App 757, 761; 341 NW2d 206 (1983).  The trial court failed to even consider these other possibilities before dismissing plaintiff's case.  See *Vicencio*, 211 Mich App at 506-507.

The remaining *Vicencio* factors involve the party's history of refusing to comply with previous court orders, the degree of compliance with other parts of the court's orders, and attempts to cure the defect.  Relevant to these factors, defendant argues on appeal that plaintiff willfully violated court orders during the pendency of the case and failed to cure the defect leading to his unavailability for trial insofar as the trial court warned plaintiff to resolve the warrant issue before trial and plaintiff nevertheless failed to do so.  Although this pretrial warning by the trial court was not transcribed and does not appear in the record, the parties agree that, during a pretrial conference, the trial court verbally warned plaintiff that he could be arrested if he appeared for trial without resolving the warrant issue.[5]  This off-the-record warning was never reduced to a written order requiring plaintiff to resolve the warrants.  Nevertheless, defendant argues that plaintiff had an obligation to follow the trial court's verbal instruction and that his failure to do so justified the dismissal of plaintiff's case on the first day of trial.

---

[4] "There is no rule requiring a party to a suit to attend court during trial."  *Cavanaugh v Cardamone*, 147 Mich App 159, 162; 383 NW2d 601 (1985).  See also MCR 2.117(B)(1) ("An appearance by an attorney for a party is deemed an appearance by the party.").  While a party's attendance may be ordered by the court, in this case, there was no subpoena or order requiring plaintiff's personal appearance at trial.  See *Rocky Produce, Inc v Frontera*, 181 Mich App 516, 517-518; 449 NW2d 916 (1989).  However, on appeal, defendant argues that plaintiff's testimony was necessary to present his case, such that plaintiff's absence would leave his attorney unable to proceed.  While it is possible that, as a practical matter, plaintiff's testimony might have been necessary for the presentation of his case, the fact remains that the trial court should have at least considered whether the case could proceed in plaintiff's absence.  See, e.g., *Jack v P & A Farms, Ltd*, 822 NW2d 511, 519 (Iowa, 2012) (finding that the plaintiff's presence at trial was not necessary because his attorney could have presented the plaintiff's claim based entirely on other evidence).

[5] It is unclear from the record before us how or why these warrants came to the trial court's attention, and there is no record of what the trial court specifically said to plaintiff about the warrants before trial.  It is also somewhat disputed when the trial court warned plaintiff to resolve the warrant issue.  Defendant claims that this warning was given multiple times, including at a pretrial conference "early in the case," while plaintiff only mentions a warning given five days before trial.  It is also unclear precisely why there were warrants for plaintiff's arrest.  From the parties' statements on appeal, it appears that the warrants related to traffic violations.  Plaintiff asserts on appeal that he attempted to cure the warrant issue by paying tickets before trial, but there is no record support for this assertion.

-4-

Generally, "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). It is true that there are circumstances when a verbal order has the same force and effect as a written order, but the purported oral instructions in this case do not even appear on the record, and there is no basis on which to conclude that these unrecorded verbal instructions carry indicia of formality and finality comparable to that of a written order. See *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 388; 853 NW2d 421 (2014). Thus, contrary to defendant's arguments, we see no basis for concluding that plaintiff had a history of refusing to comply with previous court orders, that he failed to comply with portions of the court's orders, or that there was a defect which plaintiff failed to cure. See *Vicencio*, 211 Mich App at 507.

More importantly, even assuming that the trial court's undocumented instruction to resolve the warrant issue carries the weight of a written order, we view it as an abuse of discretion to dismiss plaintiff's no-fault claims because plaintiff failed to abide by the trial court's order to resolve a warrant issue which appears to be wholly unrelated to the no-fault claims in this case.[6] Certainly, litigants have an obligation to obey court orders, and they may be punished for failing to do so. See *Arbor Farms, LLC*, 305 Mich App at 387-388. But, litigants also have a right of access to the courts, *In re ALZ*, 247 Mich App 264, 276; 636 NW2d 284 (2001),[7] and our legal system favors disposition of cases on the merits, *Vicencio*, 211 Mich App at 507. In our judgment, it is a gross miscarriage of justice for a trial court to give an order, verbal or written, that essentially conditions a plaintiff's ability to litigate his no-fault claims on his payment of unrelated traffic tickets and to then dismiss his case with prejudice because he is arrested—apparently at the behest of the trial court and/or defense counsel—on outstanding warrants completely unrelated to the merits of the parties' civil dispute.[8] See *Hardin v Briscoe*, 504 F2d 885, 886 (CA 5 1974) (concluding that dismissal for failure to comply with a court

---

[6] From the lower court record before us, there is nothing to indicate a connection between the warrants and the merits of the parties' case. On appeal, neither party suggests that there is a logical relationship between the warrants and the parties' civil case.

[7] "The right of access to the courts is a facilitative right designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief." *In re ALZ*, 247 Mich App at 276 (quotation marks and citation omitted).

[8] According to defendant, on the day of trial, the trial court raised the warrant issue that prompted plaintiff's arrest. In comparison, plaintiff asserts that, on the day of trial, it was defense counsel who requested that the trial court inquire into the status of plaintiff's warrants. There is no transcript of these events, so it is not entirely clear how it came to pass that plaintiff was arrested on these warrants. Regardless of whether it was the trial court or defense counsel who spearheaded the inquiry into plaintiff's warrants, we question the propriety of injecting this unrelated warrant issue into these no-fault proceedings in the first place and, in particular, the fairness of essentially conditioning plaintiff's ability to litigate his no-fault claims on his resolution of this unrelated warrant issue.

order was an abuse of discretion when the order had no relation to the plaintiff's right to a determination of the merits of the case in question). We do not suggest that plaintiff had no obligation to resolve his warrants or pay his traffic tickets, but it is an unconscionable result when, in effect, these warrants become a reason to deny plaintiff the opportunity to litigate no-fault claims entirely unrelated to the warrants. See generally *Barnett v Young Men's Christian Ass'n, Inc*, 268 F3d 614, 619 (CA 8 2001) (finding civil lawsuit was improperly dismissed based on the plaintiff's status as a criminal fugitive when there was no connection between the plaintiff's status as a fugitive and his civil lawsuit); *Magluta v Samples*, 162 F3d 662, 664 (CA 11 1998) (same).[9] In other words, plaintiff may have been lawfully arrested, but the fact remains that even prisoners have the right to access the courts, *Hall*, 128 Mich App at 760; and, while the timing of plaintiff's arrest may have been inconvenient for the trial schedule, it is profoundly unjust that someone appearing in court, ready to litigate his claims, should have his case dismissed because he was arrested and taken away from the courtroom. Such a harsh result, particularly when the trial court failed to consider other options and to evaluate the *Vicencio* factors, falls outside the range of reasonable and principled outcomes. See *Vicencio*, 211 Mich App at 506-507. Accordingly, we reverse the decision of the trial court and we remand for reinstatement of plaintiff's case.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra

---

[9] See also *Degen v United States*, 517 US 820, 828; 116 S Ct 1777; 135 L Ed 2d 102 (1996) ("The dignity of a court derives from the respect accorded its judgments. That respect is eroded, not enhanced, by too free a recourse to rules foreclosing consideration of claims on the merits.").