*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN KANTOS,

Plaintiff-Appellant,

v

LEONARD MAJOR, BARBARA MAJOR, AQUA
SHORES MARINA, AQUA SHORES
MANAGEMENT, INC., and SILVER SHORES,
INC.,

Defendants-Appellees.

UNPUBLISHED
August 20, 2020

No. 346680
Wayne Circuit Court
LC No. 14-003201-CK

Before: REDFORD, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing the case in favor of defendants. On appeal, plaintiff argues the trial court's order to dismiss should be reversed because plaintiff's counsel could have proceeded with trial without plaintiff's presence. Plaintiff also argues that he had a right to a jury trial and the trial court erred by not impaneling a jury. We affirm.

## I. PROCEDURAL HISTORY

This is the third time this case has been before this Court. In the first case, this Court summarized the relevant facts as follows:

> [Plaintiff] used to own a boat, a "Party Cruiser" christened with an erotic name and equipped with "a DJ stand, dancing pole, hot tub, expansive bar, and powerful engines to make waves on the open water." [Plaintiff] docked his boat at a Wyandotte marina owned and operated by the various defendants. Defendants put the boat into dry storage over the winter of 2010-2011 at L & M Wildfire Motors. L & M claimed ownership of the boat, stripped it for parts, and destroyed the remainder. Defendants later justified these actions by accusing [plaintiff] of nonpayment under his lease.

-1-

[Plaintiff] filed suit against the marina defendants, but not L & M. During discovery, defendants sought production of the original boat title. [Plaintiff] claimed that he stored the title on the boat and it was, therefore, lost to him. [Plaintiff] produced a copy of a boat title and after consulting the Michigan Secretary of State, defendants secured [plaintiff's] 1997 application for a boat title. Defendants asserted that neither of these documents describes a boat of the subject boat's alleged dimensions. They also contended that [plaintiff's] duplicate title appeared doctored. [*Kantos v Major*, unpublished per curiam opinion of the Court of Appeals, issued February 16, 2017 (Docket No. 329866), pp 1-2 (footnote omitted).]

Plaintiff's first appeal arose from issues during discovery and concerned defendants' efforts to get the original title to the boat. *Id.* at 2. Plaintiff never responded to defendants' motion to compel discovery. *Id.* Instead of holding a hearing on defendants' motion to compel, the trial court dismissed the case for plaintiff's failure to comply with the discovery request. *Id.* This Court held: "The circuit court abused its discretion by failing to make any record consideration of the circumstances underlying [plaintiff's] failure to produce the boat's original title," or consider other sanctions besides dismissal. *Id.* at p 3.

On remand, the trial court set a trial date for October 1, 2018, and ordered the parties to create a joint pretrial order that would be submitted by plaintiff no later than one week prior to the start of the trial. On September 12, 2018, plaintiff submitted the joint final pretrial order, which included a list of potential witnesses that each party intended to call at trial. The order noted that it would be a "jury trial, expected by Plaintiff to take 1 full day for Plaintiff's proofs and witnesses and 1 full day for Defendant's proofs and witnesses. Defendant expects this trial will last three (3) days."

On September 26, 2018, plaintiff filed a delayed application for leave to appeal with this Court, requesting immediate consideration for a motion to stay because of errors made by the trial court regarding discovery and sanctions. Plaintiff requested this Court to delay the trial for a minimum of 60 days, reopen discovery, and review the sanctions imposed by the trial court. This Court denied plaintiff's delayed application for leave to appeal. *Kantos v Major*, unpublished order of the Court of Appeals, entered September 28, 2018 (Docket No. 345657).

As a result of the denial for appeal, the trial remained scheduled to begin on October 1, 2018. On the date of trial, plaintiff failed to appeal. Plaintiff's counsel requested that the trial court stay the trial for 30 days on the basis of the "Court of Appeals opin—or spoken word that an order had been issued staying the trial." Defendants moved that the case be dismissed with prejudice. The court denied plaintiff's motion for an adjournment on the basis of plaintiff's failure to appear. Plaintiff's counsel then requested an adjournment on the grounds that a jury had not been seated. The court again denied plaintiff's motion, stating that there was no reason to call a jury without plaintiff. The court then granted defendants' motion to dismiss the case with prejudice. The appeal follows.

## II. DISCUSSION

On appeal, plaintiff argues that the trial court erred by dismissing the case for two reasons: 1) plaintiff's failure to appear for trial did not prevent plaintiff's counsel from continuing with trial by calling witnesses and presenting evidence, and 2) the trial court did not impanel a jury. We disagree.

### A. PLAINTIFF'S FAILURE TO APPEAR FOR TRIAL

Plaintiff argues that the trial court erred because his counsel could have proceeded with trial without plaintiff's presence. We disagree.

To preserve an issue on appeal, the issue must be raised in the trial court and pursued on appeal. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). On the scheduled day of trial, plaintiff's counsel requested an adjournment because of plaintiff's absence. On appeal, plaintiff argues that the trial court could have proceeded with trial without plaintiff's presence. Because plaintiff only requested an adjournment in the trial court, and now argues that the trial court could have continued with trial without plaintiff, this issue is not preserved for appeal. See *Meagher v Wayne State University*, 222 Mich App 700, 723-724; 565 NW2d 401 (1997) (stating that "an objection on one ground is insufficient to preserve appellate attack on different grounds . . . .").

"A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Generally, "[t]his Court reviews a trial court's decision to dismiss an action under an abuse of discretion standard." *Id*. However, this Court reviews unpreserved issues for plain error. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). This Court has the authority to review an issue that has not been preserved to prevent a miscarriage of justice; however, this power should be used sparingly. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987). More than the loss of a money judgment is needed to constitute a miscarriage of justice. *Id*. at 234. " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Kern*, 240 Mich App at 336, quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Plaintiff's argument is based on plaintiff counsel's ability to proceed with trial without plaintiff's presence at the trial. Plaintiff argues that his counsel "could have proceeded with the trial by calling available witnesses and presenting exhibits." To buttress this argument, plaintiff cites to *Cavanaugh v Cardamone*, 147 Mich App 159, 162; 383 NW2d 601 (1985) which states, "There is no rule requiring a party to a suit to attend court during trial. If testimony of a party is desired, attendance may be secured by subpoena or a deposition may be taken."

Plaintiff's reliance on *Cavanaugh* does not establish plain error. The factual record is unclear about whether plaintiff had witnesses available to testify. Plaintiff asserts that his witnesses were present for trial, while defendants assert that no witnesses were present. While plaintiff's counsel did mention that he was ready to proceed with trial, there is no indication that any of plaintiff's witnesses were present. Without witnesses, it would be difficult for plaintiff to

proceed with the trial, and the lack of factual clarity on this means that the error is not "clear and obvious." *Kern*, 240 Mich App at 336. Defendant also notes that while plaintiff subpoenaed witnesses to appear at the trial, there are no proofs of service for the subpoenas in the record. Therefore, plaintiff failed to establish that the trial court's alleged error was clear or obvious.

Plaintiff also cites to *North v Dep't of Mental Health*, 427 Mich 659, 662; 397 NW2d 793 (1986), which outlines four factors to consider when a trial court is determining if dismissal or a less harsh punishment is appropriate: "1) the degree of the plaintiff's personal responsibility for the delay, 2) the amount of prejudice to the defendant caused by the delay, 3) whether there exists a lengthy history of deliberate delay, and 4) whether the imposition of lesser sanctions would not better serve the interests of justice." Tellingly, plaintiff did not specifically address the four factors, and instead only focused on the *North* Court's decision to reverse the trial court's dismissal.

Although the trial court did not address these factors[1], we determine that the *North* factors do not weigh in favor of plaintiff. This delay is entirely attributable to plaintiff. He chose to file a pro se delayed application for leave to appeal with this Court. Plaintiff is solely responsible for not understanding this Court's order denying the application for leave to appeal, especially given that he had the benefit of trial counsel. Although a Court clerk did call the parties to advise them of the order, there is no indication that the clerk advised plaintiff that his motion to stay trial was granted. Moreover, a court speaks through its written orders, not oral pronouncements. *Sterling Hts v Chrysler Group, LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). Plaintiff's reliance on an alleged verbal statement that the trial had been stayed was unreasonable, considering this Court's written order denying the motion to stay.

Further, there was certainly some amount of prejudice caused to defendants. Defendants' counsel cites the time of preparing for a trial as proof of the burden incurred by plaintiff's failure to attend. Plaintiff had been previously sanctioned for failing to respond to discovery demands, which suggests deliberate delay. Lesser sanctions may better serve justice; however, that is outweighed by plaintiff's negligence in failing to appear and the resulting burden to defendants. As a result, the trial court's order of dismissal was appropriate. Plaintiff's argument does not establish plain error affecting his substantial rights. *Kern*, 240 Mich App at 336.

---

[1] In normal circumstances, the trial court's failure to address whether dismissal is an appropriate sanction could be grounds to reverse an order of dismissal. See *Vicencio*, 211 Mich App at 506-507 (citations omitted) ("Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper. Here, because the trial court did not evaluate other available options on the record, it abused its discretion in dismissing the case."). However, because this issue is unpreserved, reversal is only warranted when a trial court's plain error affected the appellant's substantial rights. *Kern*, 240 Mich App at 336. As we will discuss, the trial court's order of dismissal was an appropriate sanction; consequently, the failure to consider other lesser sanctions did not affect plaintiff's substantial rights.

## B. IMPANEL A JURY

Plaintiff argues that the trial court's decision to dismiss the case with prejudice without impaneling a jury was in violation in Michigan law. We disagree.

This Court reviews "a court's order of dismissal for abuse of discretion." *Thorne v Carter*, 149 Mich App 90, 93; 385 NW2d 738 (1986). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Issues involving the application of our state Constitution are reviewed de novo. *Mayor of Cadillac v Blackburn*, 306 Mich App 512, 516; 857 NW2d 529 (2014).

Plaintiff is correct that Michigan guarantees the right to a trial by jury. See Const 1963, art l, § 14 ("The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree."). "However, the right to a jury trial in the context of civil litigation must be exercised in compliance with the procedural requirements established by law." *Adamski v Cole*, 197 Mich App 124, 128; 494 NW2d 794 (1992), citing Const 1963, art 1, § 17; MCR 2.508(D)(1).

Plaintiff argues that because he filed a jury demand, the trial court was required to impanel a jury. However, plaintiff's argument completely ignores the fact that, procedurally, the trial court dismissed the case on the basis of plaintiff's failure to appear on the scheduled date of trial. "Before a jury is ever reached a preliminary decision must always be made, namely, whether or not there is anything to go to a jury. There can be no infringement [sic] upon the constitutional right to trial by jury if there is no issue of fact to go to the jury." *Kroes v Harryman*, 352 Mich 642, 646; 90 NW2d 444 (1958). Because there was no live case for a jury to hear, there cannot be error predicated on the failure to impanel jury in a case that had been dismissed.

Affirmed.

/s/ James Robert Redford
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien